UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT,

- of -

DEVILS HOLE JETBOAT, LLC and NIAGARA
JET ADVENTURES, LLC, as Owners or Owners *Pro
Hav Vice* of a 2013, 33 foot M/V "GONAGO:GO:H I"
for Exoneration from or Limitation of Liability,

Petitioners,

---

**REPORT AND
RECOMMENDATION**

17-CV-00166-LJV-JJM

Claimants Sarah and Scott Witkowski move pursuant to Fed. R. Civ. P. ("Rule")
12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction [10].[1] Having reviewed
the parties' submissions [10, 15, 16, 17] and heard oral argument on June 12, 2020, for the
following reasons I recommend that the motion be denied.

**BACKGROUND**

Petitioners Devils Hole Jetboat, LLC and Niagara Jet Adventures, LLC
commenced this action pursuant to the Limitation Act, 46 U.S.C. §30501, *et. seq.*, seeking to
limit their liability to the Witkowskis for personal injuries allegedly sustained by Sarah
Witkowski on July 15, 2016, when she and her family were passengers on a power boat owned
and/or operated by petitioners in the lower Niagara River. Complaint [1]. According to Niagara
Jet Adventures' Incident Report that same day, Ms. Witkowski claimed that "during a spin she

---

[1]      Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

was thrown into the bar and landed on her rib cage. She reported a loss of breath and a sharp pain in her side . . . . She repeatedly said she was okay." [16-3], p. 3 of 3 (CM/ECF pagination).

That evening, she was examined in the emergency room at Degraff Memorial Hospital, and was diagnosed with a "chest wall contusion". A CAT scan revealed "no pathology". [16-4]. A few days later, Scott Witkowski texted Niagara Jet Adventures' director of operations, Christopher Bohnenkamp, stating: "My wife really enjoyed your jet boat up to that point. Lol. If you wouldn't mind covering the co pay for the hospital it was $120 for emergency room. My boys would love to come back for another [ride] . . . . Is that something you and your wife would be willing to do? Let me know Chris. Thanks for responding so quick." Bohnenkamp responded: "That sounds great", to which Witkowski replied: "Also my wife said if she could get a trophy for 1st injury on your boat that would be great. Lol. Kidding. We appreciate you rectifying the situation quickly." [16-5].

On July 22, 2016 Witkowski again texted Bohnenkamp, stating: "Hi Chris. Scott here from the boat tour where my wife was hurt. She is still in some serious pain. She had blood work done yesterday and we're waiting on results. She has a liver contusion a well as chest. Waiting to see if there are enzymes in her blood. We have been making copays for meds and doctors visits. She's keeping receipts on all of these. Hopefully we can come out there soon to meet and take care of this. Thanks . . . . We are going on vacation 7/30 to 8/8. Hopefully she's not in this much pain for that. Talk to you soon." Bohnenkamp replied: "I hope she is well. I was under the impression we were paying $120.00 and another ride for you and your family. If your [sic] saying there's more and possibly even more on top of that we will need to file a claim and let our insurance take care of things. Let me know your thoughts on this." Witkowski responded: "I will let you know. Thanks for getting back so quick Chris." [16-5].

-2-

On August 4, 2016 attorney Christopher J. O'Brien wrote to Niagara Jet Adventures, stating: "This is to advise that this office represents Sarah Witkowski with regard to the above-captioned matter. She suffered serious injuries while riding in one of your boats. At this time, we are requesting that you have no contact with Mrs. Witkowski. Please forward this letter to your insurance carrier so that they may contact us regarding this incident. Thank you for your attention in this matter." [10-2].

The Limitation Act provides that "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim". 46 U.S.C. §30511(a). This action was not commenced until February 22, 2017, more than six months after the date of the O'Brien letter. The Witkowskis argue that "this motion can be distilled to a single question - did the August 4th letter (and prior correspondence) amount to a 'claim in writing' that triggered the 6-month deadline." Witkowskis' Memorandum of Law [10-1], p. 2.[2]

**DISCUSSION**

**A.    No Claim Has Been Asserted Against Devils Hole Jetboat**

Although petitioners "anticipate that claims asserted against them will exceed the amount of [their] interest in the Vessel on the date of the alleged incident" (Complaint [1], ¶5), to date no claim has been asserted against Devils Hole Jetboat. A "claim" is "[a] demand for money, property, or a legal remedy to which one asserts a right". Black's Law Dictionary (11th

---

[2]    The motion does *not* challenge petitioners' standing as "owners" for purposes of the Limitation Act, which defines "owner" to include not only the title holder, but also "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement". 46 U.S.C. §30501.

ed. 2019). The August 4, 2016 letter was addressed to Niagara Jet Adventures, not Devils Hole Jetboat, and the litigation commenced by the Witkowskis (16-cv-856, [1-1]) names Niagara Jet Adventures, not Devils Hole Jetboat, as the defendant.

Devils Hole Jetboat is a "distinct legal entity" from Niagara Jet Adventures. 51 Am. Jur. 2d, Limited Liability Companies §1. Therefore, even if the August 4 could be considered a "notice of claim" for purposes of the Limitation Act, it was not a notice of claim against Devils Hole Jetboat. *See* In re Santa Fe Cruz, Inc., 535 F. Supp. 2d 853, 857 (S.D. Tex. 2007) ("we can find no precedent where notice to another party not the vessel owner, regardless of corporate relatedness, was sufficient . . . to trigger the running of the six month period. The lawsuit filed by Medina naming only Zimco Marine as Defendant is not sufficient written notice to the vessel owner, Santa Fe Cruz").

B.    **In Any Event, the August 4 Letter is Not a Notice of Claim**

The Witkowskis contend that "[i]n reviewing what constitutes a written notice of a claim, courts consider whether the letter (1) informs the vessel owner of claimant's right or supposed right, (2) blames the vessel owner for any damage or loss, or (3) calls upon the vessel owner for something due claimant." Witkowskis' Memorandum of Law [10-1], p. 7. They suggest that the August 4 letter is "nearly identical" to an attorney letter which the court found to be a notice of claim in In re Complaint of Bayview Charter Boats, Inc., 692 F. Supp. 1480 (E.D.N.Y. 1988). Witkowskis' Memorandum of Law [10-1], p. 2.

However, there is a critical difference between the two letters. The Bayview letter stated that the client's injuries were "due to the gross negligence of [Bayview's] employee Jack Goeghan in connection with the operation of an outboard motor boat in the course of his

employment with Bayview". 692 F. Supp. at 1485. The court held that the "letter informed Bayview of the incident at issue and of the possibility that Bayview would be held liable for Claimants' injuries. Accordingly, that letter constitutes a written notice of claim". Id. at 1486. Here, by contrast, the August 4 letter does not mention negligence or blame Niagara Jet Adventures for the incident.

Moreover, the notice "must actually inform a shipowner of the claimant's intentions to seek recovery from the owner". Complaint of N.Y.T.R. Transportation Corp., 105 F.R.D. 144, 146 (E.D.N.Y. 1985); Petition of Anthony O'Boyle, Inc, 51 F. Supp. 430, 431 (S.D.N.Y. 1943); Complaint of Okeanos Ocean Research Foundation, Inc., 704 F. Supp. 412, 414 (S.D.N.Y. 1989). "Mere notice or knowledge on the part of the owner of the accident and injury is not sufficient." O'Boyle, id.; In re Franz, 7 F. Supp. 3d 238, 242 (N.D.N.Y. 2014) ("[k]nowledge of relevant facts alone is not enough to constitute notice of claim").

Not only did the August 4 letter fail to cast blame for the incident, it also failed to state that the Witkowskis would seek payment from Niagara Jet Adventures. Not until their September 28, 2016 Complaint (16-cv-856, [1-1]) did the Witkowskis allege that Niagara Jet Adventures was at fault and demand payment, and this action was commenced within six months thereafter.[3]

Nor does the "re" line of the August 4 letter ("Re: Witkowski v. Niagara Jet Adventures") make it a notice of claim. For example, in Okeanos, the attorney's letter stated that "we have been retained by the above named to represent him in an action arising out of injuries

---

[3]    Niagara Jet Adventures also asserted the Limitation Act as its Twelfth Affirmative Defense in the Witkowski action. See 16-cv-856, [2, 12, 22]. "When limitation is pleaded in an answer as a defense, the six-month time limit imposed by Section 185 [now 46 U.S.C. §30511(a)] does not apply and the district court may conduct a concursus even after the running of the period." Bayview, 692 F. Supp. at 1483.

he sustained while on your boat . . . on the above date. Please forward a copy of this letter to your insurance carrier if you are insured, and contact this office to discuss this matter further". 704 F. Supp. at 416. In concluding that the letter "does not constitute a written notice of claim", the court reasoned that it "is void of *any* details of the incident in question. The letter states that claimant received 'injuries,' but does not mention the cause of the injuries, the type of injuries sustained or the severity of the injuries", and that it "fails to blame Okeanos for the injuries or make it clear that claimant intends to seek damages from Okeanos". 704 F. Supp. 412, 416, 417 (emphasis in original).

Not only must a notice of claim assert blame and state an intention to seek damages, but it must also "reveal a reasonable possibility that the claims may exceed the offending vessel's value. It is at that point - but not before - that the shipowner's duty to investigate arises". Orion Marine Construction, Inc. v. Carroll, 918 F.3d 1323, 1337 (11th Cir. 2019).[4] Here, the fair market value of the boat involved in the incident was $245,000. [3-1]. Even if the August 4 letter could otherwise be considered a notice of claim, nothing in that letter - particularly when considered in light of the hospital records and texts sent by Scott Witkowksi - suggested a "reasonable possibility" that the claim could exceed $245,000.

"A vessel owner is not required to infer that someone may bring a claim; a claimant must make his intentions clear in order to trigger the six month statute of limitations. Moreover, a rule requiring a claimant to state his intention clearly in order to start the running of the statutory time limit will deter claimants from sending a vague letter in the hope that the

---

[4]    *See also* Doxsee Sea Clam Co. v. Brown, 13 F.3d 550, 554 (2d Cir. 1994) ("[n]otice will be sufficient if it informs the vessel owner of an actual or potential claim . . . which may exceed the value of the vessel"); Witkowskis' Memorandum of Law [10-1], p. 7 ("Courts evaluate if it appears reasonably possible that such damages may exceed the value of the owner's ship").

vessel owner will fail to file a timely petition." Okeanos, 704 F. Supp. at 417. *See also* Matter of Vulcan Construction Materials, LLC, 427 F. Supp. 3d 694, 697 (E.D. Va. 2019) ("courts have traditionally been hesitant to require that such an action be filed in response to a vague letter which fails to specifically threaten suit or give some approximation as to the extent of the owner's liability"). Applying these criteria, the August 4, 2016 letter failed to trigger the six-month deadline under 46 U.S.C. §30511(a).

## CONCLUSION

For these reasons, I recommend that the Witkowskis' motion to dismiss [10] be denied.  Unless otherwise ordered by Judge District Judge Lawrence J. Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by July 24, 2020. Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply

with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 10, 2020

JEREMIAH J. MCCARTHY
United States Magistrate Judge

-8-